IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:16-cr-00056 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| ISHIGARYIONTAI GRAVES, SR. ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On May 1, 2020, Ishigaryiontai Graves, Sr., proceeding pro se, filed a letter requesting that the court vacate the remainder of his sixty-six-month sentence based on the risk of COVID-19. (Mot., Dkt. No. 29.) Graves filed a second letter on June 1, 2020, again requesting that the court reduce his sentence. (Dkt. No. 32.) The court will consider Graves' letters together and refer to them collectively as a single motion. The court will further construe Graves' motion as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing that pro se filings are entitled to liberal construction). For the reasons stated below, this motion will be denied.

I.  BACKGROUND

In 2017, Graves was sentenced to a sixty-six-month prison term after pleading guilty to a two-count information charging him with conspiracy to distribute/possess with the intent to distribute heroin and use of a facility in interstate commerce to promote, manage, and carry on prostitution. (Dkt. Nos. 1, 12, 25.) Graves notes that he is due to be released to a halfway house later this year on December 22, 2020.

In his motion, Graves points out that he has "stayed out of trouble" and has been transferred to a medium security facility. He has "remained incident free" and participated in

multiple programs through the Bureau of Prisons (BOP).  Among other things, he participated in a work cadre program, became "serv-safe" certified, and is now certified to use a forklift.  (Mot. 1–2.)  He has also completed a variety of classes, including a parenting class and nutrition class, and is currently participating in additional classes including a drug program.  (Dkt. No. 32.)  Graves' participation in and dedication to his rehabilitation are certainly commendable.

Graves seeks early release based on the recent discovery and spread of the COVID-19 virus.  He explains that his mother's health is declining and that she has diabetes and lupus, which put her at high risk of complications from the virus.  Graves' mother has two home-health aides who care for her.  Graves further states that his father is fifty-seven and his son is four, which he contends put them at higher risk of COVID-19 complications as well.  He does not suggest that anyone in his family has contracted COVID-19.

Graves, at age twenty-eight, does not suggest that he has any medical issues that create a higher risk of contracting or experiencing complications from COVID-19.  Nor does he state that any inmates housed at his facility have contracted the virus.  Instead, he merely requests release "so that [he] can go home and be with [his] family during this once in a life time pandemic." (*Id.*)

## II.  ANALYSIS

### A.  Compassionate Release

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse

>of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
>(i) extraordinary and compelling reasons warrant such a reduction . . . .

In addition to satisfying the above, the reduction must be "consistent with applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement on compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy provides, in pertinent part, that under § 3582(c)(1)(A), the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that:

>(1)(A) Extraordinary and compelling reasons warrant the reduction;
>. . .
>
>(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to medical conditions (terminal illnesses or serious conditions that diminish self-care abilities), age with deterioration and significant time served, family circumstances, and other extraordinary and compelling reasons other than, or in combination with, the above preceding reasons. U.S.S.G. § 1B1.13 n.1.

A defendant seeking relief under § 3582(c)(1)(A) has "the burden of establishing that compassionate release is warranted." *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). Compassionate release is "an extraordinary

3

and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 n.3.

### B. Exhaustion

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. Graves has not suggested that he has filed a request with the warden of his facility or that he has otherwise attempted to seek relief through the BOP. Accordingly, the court finds that Graves has not met his burden to show that he has satisfied the exhaustion requirement of § 3582(c)(1)(A).

### C. Extraordinary and Compelling Reasons

Even if Graves had exhausted his administrative remedies, the court would nonetheless find that he has failed to allege extraordinary or compelling reasons for his release. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Harper*, Criminal Action No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020). Graves does not claim that he is at greater risk of a serious COVID-19 infection. He is only twenty-eight and does not allege that he has any medical issues that would increase his risk. Nor does he suggest that Beckley Federal Correctional Institute, where he is currently housed, has any confirmed cases of COVID-19. The court is also familiar with the extensive measures taken by the BOP to reduce the spread of COVID-19.

The court acknowledges that certain of Graves' family members may be at higher risk of contracting COVID-19. But while the policy statement notes that "family circumstances" might

4

warrant early release, those family circumstances include only "death or incapacitation of the caregiver of the defendant's minor child" or "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 n.1(C). Graves' situation simply does not meet these requirements and does not constitute an extraordinary or compelling reason for his early release.

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Graves' motion for compassionate release (Dkt. Nos. 29, 32) is DENIED. The clerk is directed to provide a copy of this order to the defendant, all counsel of record, and the United States Probation Office.

Entered: June 2, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge